HARTZ, Circuit Judge,
concurring:
I join Judge Seymour’s opinion. I write separately only to comment briefly on the contractual provision that the amount of damages from a breach “would be difficult to determine.” Inability to measure damages accurately is, of course, often a key factor in determining whether to grant a preliminary injunction. First, it raises the risk that the injured party will not be adequately compensated, resulting in “un-repaired” harm. Second, the greater the difficulty in measuring damages, the greater the expenditure of judicial resources necessary to resolve the matter; a court could properly decide to avoid that expenditure by issuing a preliminary injunction to prevent any damages that would need to be measured. Cf. Walgreen Co. v. Sara Creek Prop. Co., B.V., 966 F.2d 273, 275-79 (7th Cir.1992) (comparing administrative burdens of issuing injunction and relying on damages remedy).
Yet it may not always be obvious that accurately measuring damages would be difficult. One might assume that damages from violation of an exclusivity contract can be measured accurately by simply comparing pre-breach and post-breach profits. Expert testimony could be necessary to demonstrate that such a simplistic approach would be mistaken because of the numerous factors, aside from breach of the exclusivity contract, that could affect profits. Therefore, it seems to me quite appropriate for parties to an exclusivity contract to try to avoid the expense of expert witnesses or the like by agreeing that such a demonstration is unnecessary — it is presumed that damages would be hard to measure. My inclination would be to honor that presumption, which would place the burden on the breaching party to prove that damages could be accurately calculated in the circumstances.
This case, however, does not require us to resolve whether a contractual provision could shift the burden of persuasion, because EchoStar satisfied any such burden. Its expert witness convinced the district court that damages from a breach “would be readily determinable.” Although I might not have been persuaded by the expert, we must defer to the district court on this matter, and Dominion has not challenged the finding.